LESLIE N. HARVEY (State Bar No. 241203)
COVINGTON & BURLING LLP
One Front Street
San Francisco, California 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: lharvey@cov.com

NEIL K. ROMAN (*pro hac vice* application pending)
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: nroman@cov.com

Attorneys for Plaintiff
THE AMERICAN AUTOMOBILE ASSOCIATION, INC.

E-filing

MHP

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

THE AMERICAN AUTOMOBILE ASSOCIATION, INC.,

Plaintiff,

v.

MOBILE MECHANIC and GUY ZEGERS,

Defendants.

Civil Case No.: CV 09 5750

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DILUTION, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**

Plaintiff The American Automobile Association, Inc. ("AAA") brings this Complaint for injunctive, monetary, and other relief against Defendants Mobile Mechanic and Guy Zegers. AAA alleges as follows:

**NATURE OF ACTION**

1. This is an action for trademark infringement, false designation of origin, and unfair competition in violation of Sections 32 and 43(a) of the Federal Trademark Act (the

"Lanham Act"), 15 U.S.C. §§ 1114, 1125(a), and California common law; for trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), California state law, California Business & Professions Code § 14247, and common law; and for unfair competition in violation of the California Unfair Competition Law, California Business & Professions Code § 17200, *et seq.* AAA seeks injunctive relief, monetary damages, restitution, and other appropriate relief.

2. This action arises out of Defendants' knowing and willful violation of Plaintiff's rights in its famous and distinctive AAA, AAA APPROVED, and AAA APPROVED AUTO REPAIR & Design trademarks ("AAA Marks"). Defendants have used and continue to use in commerce the AAA Marks without authorization and with full knowledge that they are not authorized to use the AAA Marks. Specifically, Defendants display language identical or confusingly similar to the AAA Marks without authorization on Defendants' website located at <http://www.mobilemechanicservice.com> ("Website") and in advertisements posted on the popular website <http://www.craigslist.org>. Moreover, on information and belief, Defendants have included in the Website's metatags the AAA APPROVED mark, and the AAA mark combined with the generic term "auto repair," to attract users to their Website when combinations of these words are entered in an Internet search engine. Defendants' use of the AAA Marks on their Website and in its metatags without authorization demonstrates their bad faith intention to profit from an apparent endorsement by, or affiliation with, AAA.

3. Such use of the AAA Marks is likely to cause—and in fact, may have already caused—confusion because consumers are likely to believe, erroneously, that Defendants are associated, affiliated, or connected with the owner of the AAA Marks or that the owner of the AAA Marks has endorsed, authorized, or approved Defendants' use of the AAA Marks in connection with the products and services offered by Defendants.

4. Defendants' use of the famous and distinctive AAA Marks also has lessened the capacity of the AAA Marks to identify and distinguish the products and services provided under those trademarks by Plaintiff and by Plaintiff's authorized licensees and, thus, has diluted the distinctive quality of Plaintiff's AAA Marks. Furthermore, Defendants' use of

the famous and distinctive AAA Marks may have tarnished and harmed the goodwill and reputation of the AAA Marks.

5. In addition, on information and belief, Defendants have intentionally profited from the unauthorized use of the AAA Marks and have made unauthorized commercial use of the AAA Marks in California to their benefit and to the detriment of Plaintiff and the public, in violation of the laws identified above.

**JURISDICTION AND VENUE**

6. The Court has subject matter jurisdiction under 15 U.S.C. §§ 1121 and 1125 and under 28 U.S.C. §§ 1331 and 1338 in that this case arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*. The Court has jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) and 1367(a).

7. Venue is proper under 28 U.S.C. §§ 1391(b) and (c). On information and belief, Defendant Mobile Mechanic is a business subject to personal jurisdiction within the State of California and the Northern District of California. In addition, on information and belief, Defendant Guy Zegers resides in Sunnyvale, California and is subject to personal jurisdiction within California and the Northern District of California. Moreover, on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of California.

**INTRADISTRICT ASSIGNMENT**

8. A substantial part of the events or omissions giving rise to the claims in this Complaint occurred within San Jose, in the County of Santa Clara, California. Accordingly, this case should be assigned to the San Jose division of this Court pursuant to Local Rule 3-2.

**PARTIES**

9. Plaintiff AAA is a not-for-profit, non-stock corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Heathrow, Florida. AAA provides its more than 50 million members with a wide variety of products and services throughout the United States and Canada, including in California. AAA also provides all potential consumers with information regarding the quality of businesses,

including auto repair companies, hotels, and restaurants. For example, auto repair businesses that satisfy AAA's standards for quality are permitted to display the AAA APPROVED AUTO REPAIR & Design mark.

10. On information and belief, Defendant Mobile Mechanic is doing business as Mobile Mechanic at 5621 Hoffman #2, San Jose, California 95118 or 635 Carlisle Way Sunnyvale, California 94087. Mobile Mechanic has registered, controls, and uses the Website, which directly solicits business from potential customers residing in California. Plaintiff is unaware of any corporate registration or other business name registration for Mobile Mechanic in California.

11. On information and belief, Defendant Guy Zegers is the sole owner of Mobile Mechanic and resides or does business at 635 Carlisle Way Sunnyvale, California 94087.

## FACTS ENTITLING PLAINTIFF TO RELIEF

### A. AAA's Widespread and Substantial Trademark Use

12. Since its founding in 1902, AAA has enjoyed a reputation as one of the world's premier client service organizations. That reputation is largely based upon the quality and reliability of the many products and services it offers through its AAA Local Clubs. AAA has more than 50 million members.

13. Although originally formed to combat unfair automobile laws and campaign for better roads and more reliable vehicles, AAA has substantially expanded from its automotive and travel-related roots and today offers a broad range of products and services.

14. AAA has invested significant resources to develop and foster the reputation, recognition, and goodwill associated with its products and services. AAA's efforts include extensive advertising campaigns and promotional efforts, as well as efforts to retain that goodwill by maintaining AAA's commitment to quality and reliability.

15. AAA has used the AAA Marks and logo designs in interstate commerce to identify a wide range of products and services for decades. Only those businesses that are part of AAA's network of approved service providers are authorized to use or display the AAA

Marks. AAA has been selective in permitting other businesses and organizations to use the AAA Marks in connection with their products and services, including on the Internet. Businesses and organizations (including all the AAA Local Clubs) that AAA has permitted to use the AAA Marks are selected and permitted to do so if, and only if, they maintain excellent reputations for quality, integrity, reliability, and service. Consequently, AAA members and the public know that local businesses displaying AAA Marks in fact satisfy AAA's exacting standards.

16. As a result of AAA's history and experience providing high quality products and services through the AAA Local Clubs, and as a result of the continuous and extensive advertising, promotion, and sales of products and services under the AAA Marks, those trademarks have acquired substantial value and fame in the United States and in other countries.

17. Further, the AAA Marks are widely recognized by consumers in this country and abroad and have acquired enormous goodwill as trademarks identifying high quality and reliable products and services. Indeed, the AAA Marks are distinctive such that consumers recognize that goods and services marketed under the AAA Marks originate, or are approved or endorsed by, AAA and the AAA Local Clubs.

18. AAA has registered with the United States Patent and Trademark Office more than 70 of its AAA Marks, which AAA has used since at least 1902 in connection with the broad array of products and services offered to its members, including in connection with auto repair services that AAA endorses as meeting its exacting standards for quality, reliability, and service. Among the federal registrations that Defendants are violating are:

A. Reg. No. 829,265 for the AAA Mark, used in connection with automobile association services rendered to motor vehicle owners, motorists, and travelers;

B. Reg. No. 3,260,840 for the AAA APPROVED & Design mark, used by AAA to certify that hotels and restaurants meet AAA's standards for

cleanliness, staff professionalism, promptness, courtesy, good quality, and reservation capabilities;

C. Reg. No. 1,449,079 for the AAA APPROVED AUTO REPAIR & Design mark, used in connection with AAA's certification of auto repair businesses as satisfying AAA's standards for quality of customer service, facility appearance, staff qualifications and training, community reputation, scope of service, and repairs and insurance;

D. and Reg. No. 3,426,468 for the AAA APPROVED AUTO REPAIR & Design mark:




The Mark is used in connection with AAA's certification of auto repair businesses as satisfying AAA's standards for quality of customer service, facility appearance, staff qualifications and training, community reputation, scope of service, and repairs and insurance.

Copies of the registration certificates for the above marks are available via the United States Patent and Trademark Office website: <http://www.uspto.gov>.

19. Pursuant to 15 U.S.C. § 1057(b), the registration certificates for the AAA trademarks, including those marks identified in paragraph 18, constitute *prima facie* evidence of the validity of those registrations, of AAA's ownership of the trademarks set forth therein, and of AAA's exclusive right to use those trademarks in commerce and in connection with the products and services specified in the registration certificates. Pursuant to 15 U.S.C. § 1065, AAA's rights to use the AAA trademarks identified in paragraphs 18(A) and 18(C) above have become legally incontestable.

20. Defendants' infringing use of the AAA Marks in connection with Mobile Mechanic damages the reputation, recognition, and goodwill associated with the famous and distinctive AAA Marks.

**B. <u>Defendants' Unlawful Use of Plaintiff's AAA Marks</u>**

21. Defendants have repeatedly infringed AAA's Marks since at least April 2008. Despite AAA's repeated efforts to contact them, Defendants have not ceased their infringement of AAA's Marks.

22. On information and belief, Defendants registered and maintain control of the Website, which provides information on the products and services offered by Defendant Mobile Mechanic. Defendants' Website incorporates language confusingly similar to the AAA and AAA APPROVED marks, conveying the false impression that the Website is authorized by, approved by, or associated with AAA. The Website furthers this confusion by displaying the full AAA APPROVED AUTO REPAIR & Design mark throughout the Website.

23. Specifically, the banner at the top of every page of the Website falsely claims that Defendant Mobile Mechanic is "A-A-A Approved." In addition, the home page of the Website erroneously asserts that Mobile Mechanic is "the only mobile mechanic in northern [C]alifornia approved by A-A-A since 1979," and that it is recommended by "A-A-A" with a five star rating. (AAA does not award "stars" to auto repair business that it certifies as meeting the AAA requirements as Defendants' Website claims. Rather, AAA permits the business to display the AAA APPROVED AUTO REPAIR & Design mark to identify the business as satisfying AAA's heightened standards for quality and service.) Indeed, at no time since 1979 has AAA authorized Mobile Mechanic to display the AAA APPROVED AUTO REPAIR & Design mark.

24. Defendants also prominently display the full AAA APPROVED AUTO REPAIR & Design mark throughout their Website. Every frame of Defendants' Website contains an exact reproduction of the AAA APPROVED AUTO REPAIR & Design mark at the bottom of the page, demonstrating Defendants' intent to create the false impression that its services have been approved or endorsed by AAA.

25. On information and belief, Defendants also make unauthorized use of the AAA Marks in advertisements for Mobile Mechanic posted on the popular website <http://www.craigslist.org>. Specifically, Defendants' advertisement states that it is "very proud to be the only 5 star rated mobile service recommended by AAA in the entire Bay Area." Moreover, the advertisements display the full AAA APPROVED AUTO REPAIR & Design mark.

26. On information and belief, Defendants have used the AAA APPROVED mark, and the AAA mark combined with the generic term "auto repair," to direct consumers to Defendants' Website under the false impression that the products and services on the site are endorsed by or affiliated with AAA. A review of Defendants' Website reveals that the phrases are included in the site's metatags as a way to give the Website a higher priority on the list of responsive websites when consumers enter the terms in an Internet search engine. For example, a search for "auto repair mobile mechanic service California" on the Google search engine does not return a listing for Defendants' Website within the first 200 possible matches displayed by the search engine. If "AAA" is added to the search in front of "Auto," Defendants' Website is the first match returned, prominently displayed above the other listings, complete with an address and a map.

27. After discovering Defendants' unauthorized use of AAA's Marks on their Website in April 2008, AAA sent multiple notices to Defendants requesting that they cease using the AAA Marks, but Defendants continued to prominently display the AAA Marks.

28. Following AAA's unsuccessful efforts to contact Defendants, AAA's counsel sent a letter by certified mail on January 5, 2009 to the address listed in the WHOIS record for Registrant of the Website: Mobile Mechanic, 5621 Hoffman #2, San Jose, California 95118. The letter requested that Defendants cease and desist all use, and refrain from future use, of any AAA Marks, on Defendants' Website and in connection with their business, unless and until AAA authorizes them to use the AAA Marks. The letter was unclaimed by Defendants and was returned to AAA's counsel on January 24, 2009.

29. AAA's counsel also sent a copy of the cease and desist letter dated January 5, 2009 to two email addresses believed to have been associated with Defendants: 1234567890@yahoo.com, the email contact initially listed in Defendants' WHOIS record, and mobilemechanicservice@yahoo.com. In response to the email, AAA's counsel received an error message that the email sent to 1234567890@yahoo.com was undeliverable. On information and belief, Defendants received a copy of the letter via the email address mobilemechanicservice@yahoo.com. Neither AAA nor its counsel received a response to the email or the letter.

30. After receiving the notice that the email was undeliverable, AAA's counsel filed a WHOIS data problem report with the Registrar, Network Solutions, on January 5, 2009, advising of the inaccurate email address listed for Defendants. Subsequently, when AAA's counsel's letter was returned as undeliverable, counsel filed a second WHOIS data problem report with Network Solutions on February 3, 2009 notifying the Registrar that Defendants' address was incorrect. Ultimately, Defendants' email listed in the WHOIS record was changed to mobilemechanicservice@gmail.com, but the street address where the letter was deemed undeliverable remains the same.

31. AAA's counsel sent a second certified letter on March 11, 2009, along with a copy of the January 5 letter, to the same address as first letter, as well as an address listed for Defendants in the white pages online: Mobile Mechanic, P.O. Box 1751, Cupertino, California 95015. The letters went unclaimed at both addresses and were returned to AAA's counsel.

32. AAA's counsel also sent a copy of the cease and desist letter dated March 11, 2009 to two email addresses believed to have been associated with Defendants, mobilemechanicservice@yahoo.com and mobilemechanicservice@gmail.com. On information and belief, Defendants received a copy of the letter via both email addresses. Neither AAA nor its counsel received a response to the email or the letter.

33. AAA's counsel also called the listed number for Mobile Mechanic in Spring 2009 and discovered that Defendants' voicemail recording stated that Mobile Mechanic was "AAA Approved."

34. Following AAA's counsel's letters, Defendants altered the infringing use of the AAA Marks on Defendants' Website. On January 22, 2009, Defendants' Website stated that the business was "Insured by A-A-A." As recently as November 30 2009, Defendants' Website did not mention being "Insured by A-A-A" but still claimed to be "approved by A-A-A since 1979." On information and belief, Defendants deliberately disregarded Plaintiff's letters and intentionally changed the language of its Website to cause greater consumer confusion.

35. After Defendants' failure to respond by mail or email, AAA's counsel contacted Defendants at the number listed for Mobile Mechanic on June 10, 2009. The man who answered the phone confirmed that AAA's counsel had reached Mobile Mechanic, but refused to provide an address for the business.

36. Defendants' continued unauthorized use of the AAA Marks conveys to consumers and members of the general public the false impression that Defendants and the products and services they offer are sponsored, approved, or endorsed by AAA.

37. Defendants' use of the AAA Marks is of commercial value to them because consumers seeking to purchase auto repair services approved or endorsed by AAA may call Mobile Mechanic after viewing Defendants' Website, erroneously believing that it is approved or endorsed by AAA.

38. Plaintiff's AAA Marks are famous and distinctive, became famous and distinctive before Defendants began their unauthorized use of the AAA Marks, and are entitled to a broad scope of protection. Defendants' unauthorized use causes the AAA Marks to become less distinctive, lessening the capacity of Plaintiff's AAA Marks to identify and distinguish the products and services provided or endorsed by, or affiliated with, AAA under the AAA Marks, thereby diluting the distinctive quality of Plaintiff's AAA Marks.

39. Defendants' unauthorized use of the AAA Marks in connection with auto repair products and services that have not been approved by AAA using its high standards of

quality, reliability, and service may also tarnish the reputation of the AAA Marks if the products and services do not satisfy the standards consumers have come to expect from businesses approved by AAA.

40. Defendants acted, and have used the AAA Marks, with actual and constructive knowledge of AAA's longstanding and widespread use of the AAA Marks. Defendants also acted with actual knowledge of the fact that the Website has not been authorized by AAA to use the AAA Marks in connection with their business. Defendants have known or should have known that they are not authorized to use or display the AAA Marks in connection with their products or services. Since about April 2008, AAA has specifically requested that Defendants cease and desist their acts of trademark infringement and given Defendants further actual notice of Plaintiff's registrations, but Defendants have refused to cease such acts.

41. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

42. On information and belief, Defendants have received substantial revenues and substantial profits as a result of their unauthorized use of the AAA Marks, to which Defendants are not entitled.

43. By reason of Defendants' use of the AAA Marks alleged herein, AAA has suffered and will continue to suffer damage to its business, reputation, and goodwill and the loss of sales and profits AAA would have made but for Defendants' acts.

44. AAA has been, and continues to be, irreparably damaged by the violation of this statute, and it has no adequate remedy at law. Unless enjoined, Defendants will continue to use the AAA Marks, further injuring AAA and the public in that consumers will continue to be confused as to affiliation, connection, or association of Defendants with AAA and as to the origin, sponsorship, or approval of such Defendants' services by AAA. Defendants' continued use will further injure AAA in that the famous AAA Marks will continue to be diluted both by becoming less distinctive and by potentially being tarnished through association with products and services that were not approved by AAA.

**FIRST CLAIM FOR RELIEF:**

**FEDERAL TRADEMARK INFRINGEMENT**

**(LANHAM ACT § 32, 15 U.S.C. § 1114)**

45. AAA repeats and realleges the allegations set forth in paragraphs 1-44 above.

46. Defendants' use of the AAA Marks violates Section 32 of the Lanham Act, 15 U.S.C. § 1114, because such actions constitute willful and deliberate use in commerce of reproductions, counterfeits, copies and/or colorable imitations of AAA's federally registered AAA Marks in connection with the sale, offering for sale, distribution, and advertising of products and services in a manner likely to cause confusion, mistake, and deception.

47. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith, and with the intent to cause confusion, mistake, and deception.

48. These violations have irreparably damaged AAA, and it has no adequate remedy at law. Unless enjoined, Defendants' unlawful conduct will continue, further injuring AAA and confusing the public.

49. On information and belief, Defendants have received substantial revenues and substantial profits as a result of their unlawful conduct, to which Defendants are not entitled, and AAA has also suffered damages as a result of such unlawful conduct, for which Defendants are responsible.

50. Therefore, AAA demands judgment against Defendants as set forth below.

**SECOND CLAIM FOR RELIEF:**

**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

**(LANHAM ACT § 43(a), 15 U.S.C. § 1125(a))**

51. AAA repeats and realleges the allegations set forth in paragraphs 1-50 above.

52. Defendants' use of the AAA Marks violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because such actions constitute willful and deliberate use in commerce of words, terms, names, false designations of origin, false or misleading descriptions, and/or representations of fact that likely caused confusion, mistake, and deception as to the affiliation, connection, or association of Defendants with AAA and as to the origin, sponsorship, or approval by AAA of Defendants' services.

53. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith, and with the intent to cause confusion, mistake, and deception.

54. These violations have irreparably damaged AAA, and it has no adequate remedy at law. Unless enjoined, Defendants' unlawful conduct will continue, further injuring AAA and confusing the public.

55. On information and belief, Defendants have received substantial revenues and substantial profits as a result of their unlawful conduct, to which Defendants are not entitled, and AAA has also suffered damages as a result of such unlawful conduct, for which Defendants are responsible.

56. Therefore, AAA demands judgment against Defendants as set forth below.

**THIRD CLAIM FOR RELIEF:**

**FEDERAL TRADEMARK DILUTION**

**(LANHAM ACT § 43(c), 15 U.S.C. § 1125(c))**

57. AAA repeats and realleges the allegations set forth in paragraphs 1-56 above.

58. The AAA Marks are strong and distinctive, have long been used in connection with the goods and services for which they are registered, have long been the subject of substantial advertising and promotion, have been used and advertised throughout the United States, are widely recognized by consumers and those in the trade, are in substantially exclusive use by AAA and are federally registered, as alleged above. Plaintiff's AAA Marks are

recognized by the general consuming public of the United States as a designation of source for the goods and services of Plaintiff and are therefore famous marks. The acts of Defendants alleged herein were commenced after Plaintiff's AAA Marks became famous.

59. Defendants' unauthorized use of the famous and distinctive AAA Marks violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Defendants' use of the AAA Marks creates a likelihood of association with Plaintiff's famous AAA Marks because it is identical to, or nearly identical to, Plaintiff's famous marks. Defendants' acts are likely to cause dilution by blurring by impairing the distinctive quality of Plaintiff's famous AAA Marks. Defendants' use in commerce of the AAA Marks to promote Defendants' goods and services is also likely to cause dilution by tarnishment by harming the reputation of the famous AAA Marks.

60. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith. Defendants intended to create an association with Plaintiff's famous AAA Marks and willfully intended to trade on the recognition of Plaintiff's famous AAA Marks. On information and belief, Defendants willfully intended to harm the reputation of the famous AAA Marks.

61. These violations have irreparably damaged AAA, and it has no adequate remedy at law. Unless enjoined, Defendants' unlawful conduct will continue, further injuring AAA and confusing the public.

62. On information and belief, Defendants have received substantial revenues and substantial profits as a result of their unlawful conduct, to which Defendants are not entitled, and AAA has also suffered damages as a result of such unlawful conduct, for which Defendants are responsible.

63. Therefore, AAA demands judgment against Defendants as set forth below.

**FOURTH CLAIM FOR RELIEF:**

**CALIFORNIA TRADEMARK DILUTION**

**(CAL. BUS. & PROF. CODE § 14247)**

64. AAA repeats and realleges the allegations set forth in paragraphs 1-63 above.

65. The AAA Marks are strong and distinctive, have long been used in connection with the goods and services for which they are registered, have long been the subject of substantial advertising and promotion, have been used and advertised throughout the United States, are widely recognized by consumers and those in the trade, are in substantially exclusive use by AAA and are federally registered, as alleged above. Plaintiff's AAA Marks are recognized by the general consuming public of the United States as a designation of source for the goods and services of Plaintiff and are therefore famous marks. The acts of Defendants alleged herein were commenced after Plaintiff's AAA Marks became famous.

66. Defendants' unauthorized use of the famous and distinctive AAA Marks violates California Business & Professions Code Section 14247. Defendants' use of the AAA Marks creates a likelihood of association with Plaintiff's famous AAA Marks because the uses are identical, or nearly identical, to Plaintiff's famous marks. Defendants' acts are likely to cause dilution by blurring by impairing the distinctive quality of Plaintiff's famous AAA Marks. Additionally, Defendants' use of the AAA Marks is likely to cause dilution by tarnishment by harming the reputation of the famous AAA Marks. Specifically, Defendants' use of the Marks to promote goods and services that have not been approved by AAA may harm consumers' opinion of, and reliance on, AAA's Marks if the goods and services do not satisfy AAA's exacting criteria for approved auto repair services.

67. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith. Defendants intended to create an association with Plaintiff's famous AAA Marks and willfully intended to trade on the recognition of Plaintiff's famous AAA Marks. On information and belief, Defendants willfully intended to harm the reputation of the famous AAA Marks.

68. Therefore, AAA demands judgment against Defendants as set forth below.

**FIFTH CLAIM FOR RELIEF:**

**UNFAIR COMPETITION BY INFRINGEMENT OF COMMON LAW RIGHTS**

69. AAA repeats and realleges the allegations set forth in paragraphs 1-68 above.

70. Defendants' unauthorized use in commerce of the AAA Marks constitutes unfair competition and an infringement of AAA's common law rights in the AAA Marks because AAA is the prior user of the AAA Marks, and Defendants' willful and deliberate use of the AAA Marks in connection with the sale, offering for sale, distribution, and advertising of products and services is likely to cause, and may have already caused, confusion, mistake, and deception as to the origin, sponsorship, or approval by AAA of the products and services provided by Defendants.

71. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith, and with the intent to cause confusion, mistake, and deception. Since on or about April 2008, AAA has given notice to Defendants that they are not authorized to use or display the AAA Marks in connection with their products or services. AAA has requested that Defendants cease and desist from its acts of trademark infringement, but Defendants have refused to cease such acts.

72. These violations have irreparably damaged AAA, and it has no adequate remedy at law. Unless enjoined, Defendants' unlawful conduct will continue, further injuring AAA and confusing the public.

73. On information and belief, Defendants have received substantial revenues and substantial profits as a result of their unlawful conduct, to which Defendants are not entitled, and AAA has also suffered damages as a result of such unlawful conduct, for which Defendants are responsible.

74. Therefore, AAA demands judgment against Defendants as set forth below.

**SIXTH CLAIM FOR RELIEF:**

**COMMON LAW TRADEMARK DILUTION**

75. AAA repeats and realleges the allegations set forth in paragraphs 1-74 above.

76. The AAA Marks are strong and distinctive, have long been used in connection with the goods and services for which they are registered, have long been the subject of substantial advertising and promotion, have been used and advertised throughout the United States, are widely recognized by consumers and those in the trade, are in substantially exclusive use by AAA and are federally registered, as alleged above. Plaintiff's AAA Marks are recognized by the general consuming public of the United States as a designation of source for the goods and services of AAA and are therefore famous marks. The acts of Defendants alleged herein were commenced after Plaintiff's AAA Marks became famous.

77. Defendants' unauthorized use of the famous and distinctive AAA Marks violates the common law of the State of California in that Defendants' use of the AAA Marks creates a likelihood of association with Plaintiff's famous AAA Marks because it is identical to, or nearly identical to, Plaintiff's famous marks. Defendants' acts are likely to cause dilution by blurring by impairing the distinctive quality of Plaintiff's famous AAA Marks. Moreover, Defendants' use of the AAA Marks in commerce is likely to cause dilution by tarnishment. Specifically, Defendants' use of the AAA Marks to promote goods and services that have not been approved by AAA may harm consumers' opinion of, and reliance on, AAA's Marks if the goods and services do not satisfy AAA's exacting criteria for approved auto repair services.

78. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith. Defendants intended to create an association with Plaintiff's famous AAA Marks and willfully intended to trade on the recognition of Plaintiff's famous AAA Marks. On information and belief, Defendants willfully intended to harm the reputation of the famous AAA Marks.

79. On information and belief, Defendants have received substantial revenues and substantial profits as a result of their unlawful conduct, to which Defendants are not

entitled, and AAA has also suffered damages as a result of such unlawful conduct, for which Defendants are responsible.

80. Therefore, AAA demands judgment against Defendants as set forth below.

**SEVENTH CLAIM FOR RELIEF:**

**CALIFORNIA UNFAIR COMPETITION LAW**

**(CAL. BUS. & PROF. CODE § 17200)**

81. AAA repeats and realleges the allegations set forth in paragraphs 1-80 above.

82. The foregoing acts of Defendants violate the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, because they constitute unfair, unlawful, and fraudulent conduct.

83. Defendants' conduct is fraudulent in violation of Section 17200 because Defendants are willfully and deliberately misrepresenting to the public that Mobile Mechanic is approved or endorsed by, or is otherwise affiliated with, AAA, when in fact it is not. This conduct is likely to confuse, and may have already confused, the general public as to whether Mobile Mechanic is approved or endorsed by, or is otherwise affiliated with, AAA. As a direct and proximate result of Defendants' fraudulent business practices, members of the general public may have mistakenly believed, and will likely continue to believe, that Defendants' business, and the products and services provided by Defendants, are approved or endorsed by, or otherwise affiliated with, AAA.

84. Defendants' conduct is unfair in violation of Section 17200 because it allows Defendants to benefit unjustly by virtue of the goodwill and positive reputation that members of the general public associate with AAA and AAA approved services. As described herein, and on information and belief, Defendants intentionally have violated, and continue to violate, AAA's rights in the AAA Marks in order to enjoy the commercial benefits derived therefrom.

85. Defendants' conduct is unlawful in violation of Section 17200 because it violates, among others, Sections 32, 43(a), and 43(c) of the Federal Trademark Act ("Lanham Act"), 15 U.S.C. § 1114, 1125(a) and (c), California Business & Professions Code Section 14247, and California common law as described above.

86. On information and belief, Defendants' fraudulent, unfair, and unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

87. AAA and the general public have been, and continue to be, irreparably damaged by the violation of this statute, and AAA has no adequate remedy at law. Unless enjoined, Defendants will continue to use the AAA Marks, further injuring AAA and the public.

88. As a direct, proximate, and foreseeable result of the Defendants' wrongful conduct, as alleged above, AAA has lost, and continues to lose, income it otherwise would have received from consumers. AAA is entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendants as a result of such unfair business acts or practices.

89. Therefore, AAA demands judgment against Defendants as set forth below.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff AAA prays for judgment against Defendants as follows:

1. Enjoining and restraining Defendants, their agents, servants, employees, attorneys, and any and all persons in active concert or participation with any of them, from:

(a) Using without AAA's authorization any of AAA's Marks, logos, and trade names, including, but not limited to, AAA, AAA APPROVED, and AAA APPROVED AUTO REPAIR, or any other name, logo, or mark that includes the designation "AAA" or that is confusingly or deceptively similar to any of AAA's Marks, logos, and trade names, either alone or in conjunction with other words or symbols, as part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, sub-domain name, website,

or email address, on or in relation to any goods or services sold or provided by the Defendants, or in any other manner; and

(b) Using the letter "A" or any multiple combination of letters "A" in any form or manner that would tend to identify or associate Defendants or its business or services with AAA, including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner;

2. Requiring Defendants, pursuant to 15 U.S.C. § 1118, to destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationary, Internet content, websites, email addresses, computer files, software, and any other items in its possession or control that contain the infringing designations AAA, AAA APPROVED, and AAA APPROVED AUTO REPAIR, or any term, symbol, or logo confusingly similar to "AAA," either alone or in combination with other words or symbols and to destroy all computer back-up files and tapes, plates, molds, matrices, masters, and other means in its possession or control with which it can make any of those infringing items;

3. Requiring Defendants to file with the Court and serve on AAA, within thirty (30) days after entry of an injunction, a report in writing, under oath, setting forth in detail the manner in which Defendants have complied with the injunction;

4. Requiring Defendants to pay damages to AAA in an amount yet to be determined to compensate AAA for all losses sustained as a result of Defendants' unlawful conduct described above, plus interest thereon, and require with respect to damages resulting from infringement or dilution of the AAA Marks or from unfair competition under the Lanham Act that such damages be trebled pursuant to 15 U.S.C. § 1117;

5. Requiring Defendants to account for and pay to AAA all the profits derived by Defendants resulting from its use of the AAA Marks;

6. Requiring Defendants to make restitution and/or disgorge to AAA of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendants as a result of its unfair business acts or practices;

7. Awarding AAA punitive damages;

8. Awarding AAA the costs of suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and California law;

9. Awarding prejudgment interest on all liquidated sums; and

10. Awarding such other and further relief as the Court deems just and proper.

December 8, 2009

COVINGTON & BURLING LLP

By: [signature]

Leslie N. Harvey

Attorneys for Plaintiff THE AMERICAN AUTOMOBILE ASSOCIATION, INC.

Of Counsel:
Neil K. Roman, Esq.
Hope Hamilton, Esq.
Covington & Burling LLP
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
nroman@cov.com
hhamilton@cov.com